**SULLIVAN, Appellant, v. BOWERS, Tax Commr., Appellee.**

Board of Tax Appeals, Department of Taxation, State of Ohio

No. 34772.   Decided October 17, 1957.

Michael F. Sullivan, in proper person, for appellant.

William Saxbe, Atty. Genl., By John M. Tobin, Asst. Atty. Genl., for appellee.

### OPINION

This is an appeal from a final sales tax assessment order made on July 8, 1957, on an application for review and rehearing, wherein the tax commissioner adhered to his prior order of April 3, 1957. The assess-

ment period is October 17, 1956. The amount of the assessment is $131.77 plus a 15% penalty of $19.77—total, $151.54.

The cause now comes on for further and final consideration upon the commissioner's transcript and order made, appellant's notice of appeal, the record of a hearing had before the board on September 16, 1957, two exhibits. and briefs of counsel.

At the time of this transaction Major Sullivan was a resident of Virginia. He was in the Armed Services of the Government, and as such, upon assignment, was temporarily residing with his wife in Whitehall, Franklin County, Ohio. He owned a Pontiac car. He desired to purchase a new 1956 automobile. They shopped around Columbus dealers, and finally decided to purchase a new Oldsmobile of a certain model of Bob White, Inc., of Columbus. They finally agreed upon a price of $4,392.49 for the new car. The Pontiac was to be taken in at an agreed price. The balance of the purchase price was to be paid in cash. A few days prior to October 17, 1956, Sullivan paid Bob White, Inc., $100.00 as a down payment on the deal. On the date noted, Sullivan's wife, armed with a power of attorney, drove the Pontiac car to Fullerton, Kentucky. She was accompanied by an agent of Bob White, Inc., driving the new Oldsmobile. The wife and agent then went before a notary public and certain documents (not in evidence or described) were executed, presumably a purchaser's affidavit and transfer of the Pontiac certificate of title to Bob White, Inc., at the time she delivered two checks to the agent in payment for the new car. Immediately thereafter the wife returned to Columbus driving the new Oldsmobile, and the agent driving the Pontiac. It is not shown that the wife received any documents in Kentucky. Within a few days after October 17, Sullivan received from Bob White, Inc., through the mails, an Ohio certificate of title signed by the Clerk of Courts of Franklin County. He then mailed a carbon copy of this certificate to the Commissioner, Division of Motor Vehicles of Virginia, and in return from him received a Virginia certificate of title and license. Charges for these Virginia documents were paid for by Sullivan. The Ohio and Virginia certificates of title are the only documents in evidence. The evidence is silent as to who filed anything or what was filed with the Franklin County Clerk of Courts which induced him to issue the Ohio certificate. There is no mention of the existence or issuance of an exemption certificate.

Sullivan says that the reason for the trip to Kentucky was for two purposes; (1) so that he could get the car registered in Virginia; (2) to avoid Ohio sales or use taxation. The fallacy of the first reason is perfectly apparent because he used the Ohio certificate of title to obtain his subsequent Virginia registration, unaccompanied by any document procured in Kentucky. Sullivan's wife received no document from Kentucky authorities. Appellant admits that his second purpose was to avoid Ohio taxation. and was made upon the advice of other people who claimed to know that such a course would accomplish his second purpose.

The notice of appeal sets forth three claimed grounds of error; (1) that the sale was an interstate transaction. (2) "The Soldiers and Sailors Relief Act, 50 USCA Appendix 574, prevents assessment of the 'use tax'

on this transaction, because petitioner is a resident of Virginia, the vehicle is registered and licensed under the laws of that state, and all taxes imposed by that state have been duly paid. (3) Therefore, the state of Ohio has no power to tax this transaction. §5739.02B (11) R. C."

The appellant's second claim may be quickly disposed of. This is not an assessment made under the Use Tax Act. As previously noted, this is a sales tax assessment. The Federal act applies only to use taxation. The absurdity of this claim, if appellant carried it to its logical conclusion, would be that appellant, by reason of Virginia residence (no doubt, meaning domicile), although a temporary resident of Ohio, could escape Ohio sales tax in its entirety.

Is this an Ohio sale, or is it an interstate transaction, prohibited by subsection B (11) of §5739.02 R. C., which reads:

"(B) The tax does not apply to the following:

"(11) Sales not within the taxing power of this state under the constitution of the United States;"

This section further on provides, that

"For the purpose of the proper administration of §§5739.01 to 5739.31, inclusive. R. C., and to prevent the evasion of the tax, it is presumed that all sales made in this state are subject to the tax until the contrary is established."

Sec. 5739.01 R. C., defines a sale and selling as follows:

"'Sale' and 'selling' include all transactions by which title or possession. or both, of tangible personal property, is or is to be transferred. or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever; * * *."

It is further provided in §5739.04 R.C., that

"If the tax does not apply to a sale, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate, indicating that the sale is not legally subject to the tax. The certificate shall be in such form as the tax commissioner shall by regulation prescribe, and if no certificate is furnished or obtained within the period for filing the vendor's return for the semiannual period in which such sale is consummated, the tax shall apply."

In view of these statutory provisions, certain facts become highly important. The pilgrimage to Kentucky was made for the express purpose of defrauding the state of sales tax. The contract of sale was made in Columbus. Ohio; and the payment of $100.00 before the Kentucky episode was made to assure the seller that it would receive the purchase price and that the buyer would carry out the agreement. All that was done in Kentucky that is pertinent to the transaction was delivery of possession. The wife immediately brought the new car back to Columbus, Ohio. It was not taken to Virginia. After the return from Kentucky, Bob White, Inc. delivered the certificate of title for the new Oldsmobile to appellant by mail. That instrument was delivered in Ohio. There is no proof of any kind that an exemption certificate was ever executed. This was not an interstate sale, or a sale made of property in the course of interstate

commerce. It was a taxable sale made in this state. It is in no wise a transaction similar to such as is found in **Trotwood Trailers, Inc. v. Evatt,** 142 Oh St 197, 27 O. O. 168, or **Kelley Motors v. Peck,** 161 Oh St 578, 53 O. O. 430.

It follows that the commissioner's assesment order must be, and is hereby, affirmed.